The opinion of the court was delivered by
Spencer, J.
Oscar Chopin, of New Orleans, was a commission merchant, doing business in said city. J. N. Clark was a customer, owing Chopin a balance of more than $1000. In May, 1877, Clark advised Chopin, by letter, of his having delivered on the wharfboat at Cairo, 111., 1098-sacks corn, with instructions to ship to him. Clark took from the wharfboat a receipt for 1098 sacks corn, “ to be shipped to Oscar Cho.pin, New Orleans.” This receipt bears date May 13th, 1877.
On the next day, May 14th, the corn was shipped to Oscar Chopin “for account of J. N. Clark,” as shown by the bills lading. •
On same day Clark discounted at the Alexander County Bank his draft at ten days on Chopin for $1350, and delivered to the bank the wharfboat receipt and one of the bills of lading, to secure the same The draft, with the receipt and bill annexed, was forwarded to New Orleans, and protested for non-acceptance on the 19th May, 1877.
On same day, Chopin, who had refused to accept the consignment, sued out an attachment against Clark, and seized the 1098 sacks of corn to pay the balance of account due him.
The Alexander County Bank soon after interveiied, and claimed the corn, or, rather, its proceeds (it having been sold), as pledgee and as holder and possessor, by virtue of the transfer of the receipt and bill of lading.
There was judgment below in favor of intervenor, and plaintiff appeals.
There is no dispute about the facts. The question is, was the corn liable to seizure on 19th May, by the creditors of Clark ? This depends upon the question, “ In whom was legal title and possession vested on that day ?”
We are dispensed from an investigation of the question as to whether the bills of lading for Chopin were forwarded before or after the delivery thereof to thebank; for as Chopin refused the consignment, *847 he never had the possession. Where the consignee rejects the consignment, “ the property remains in the hands of the carrier as the property of the consignor, or any person deriving title from the consignor.” National Bank of Green Bay vs. Dearborn, 115 Mass. p. 219.
In other words, the forwarding of the bills of lading to the consignee vests the possession in him only upon condition that he accept the consignment.
Therefore the title and possession were on the 19th May either in Clark, the consignor, or the bank, as his transferree.
The delivery of the receipt and bill of lading on the 14th May vested the title and possession in the bank, which thereby acquired a pledge upon the com to secure the draft. We understand that there is no dispute as to the sufficiency of a verbal transfer of the receipt and bill to the bank.
The plaintiff’s proposition, therefore, and upon which he rests his case, that the stipulation in the receipt of the wharfboat that the corn received was “ to be shipped to Chopin,” placed the com at the latter’s disposal, is certainly not maintainable when Chopin rejected the consignment. There can be no doubt that if Chopin had accepted the consignment his possession would have related back to the day the bills “were deposited in the mail or given to the carrier for transmission.” Sec. .15, Act 66 of 1874. But he did not accept; he rejected the consignment, and brings this suit as an ordinary creditor, by attachment, after intervenor’s rights had vested.
The court a qua properly held that his attachment was subordinate to the rights of intervenor, and the judgment to that effect is affirmed with costs.